**In re Mary Johansen COOMES, Debtor.**

**Appeal of Mary Johansen COOMES.**

**No. C 86–0700–L(B).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Jan. 15, 1987.

Jan C. Morris, Louisville, Ky., for debtor/appellant.

William W. Lawrence, Louisville, Ky., Trustee.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

Debtor appeals from the order of Bankruptcy Judge Deitz denying confirmation of her Chapter 13 plan.

Debtor is employed and represented by a firm of attorneys which has an extensive bankruptcy practice. At the time her Chapter 13 petition was filed, her gross earnings were $1075.00 per month. From that figure taxes and FICA contributions of $226.00 were withheld, leaving a net income of $849.00.[1]

Debtor's monthly family budget estimates monthly expenses of $724.00. Her proposed Chapter 13 plan payment was $100.00 per month for the first year, $125.00 per month for the second year, $150.00 per month for the third year, $175.00 per month for the fourth year, and $200.00 per month for the fifth year. The total amount of unsecured and preferred claims against the debtor is $34,130.00. There is also a claim of $5336.00 secured by a mortgage on an automobile. This claim causes some difficulty.

It appears that debtor's daughter attempted to purchase the automobile but was unable to obtain financing. Debtor offered to co-sign a note but Liberty National Bank, the secured creditor, would make the loan only to debtor and only if debtor took title to the automobile. This was accomplished and the daughter has exclusive use of the automobile and makes the payments on it.

With this claim added, debtor's total debts are $39,466.00

Judge Deitz, relying on his opinion in *In re Heard*, 6 B.R. 876 (Bkrtcy.W.D.Ky. 1980), denied confirmation of the plan, holding that a Chapter 13 plan which provides for payment of about 13.75% of debtor's obligations is not substantial repayment

---

1. The Chapter 13 statement shows gross income of $537.50 semi-monthly and withholding of $113.00 semi-monthly, leaving a net of $414.00 semi-monthly income. The mathematics are incorrect.

and therefore not proposed in good faith as required by Title 11 U.S.C. § 1325(a)(3).

Debtor argues that the holding in *In re Heard* is of questionable vitality, pointing out that those circuits which have addressed the question whether the good faith standard of § 1325(a)(3) imposes a rigid standard of substantial payment have answered it in the negative.

In *In re Estus,* 695 F.2d 311 (8th Cir. 1982), the Court cited and declined to follow *In re Heard* and instead wrote:

"We agree with the above-discussed circuit court opinions that subsection (a)(3) good faith does not impose a rigid and unyielding requirement of substantial payment to unsecured creditors. A per se minimum payment requirement to unsecured creditors as an element of good faith would infringe on the desired flexibility of Chapter 13 and is unwarranted. Nor should the courts perfunctorily conclude that good faith is achieved whenever the minimum requirements of subsection (a)(4) have been met. The good faith requirement demands a separate, independent determination. As indicated, in determining whether a debtor's plan meets the section 1325(a)(3) confirmation requirement of good faith, we believe the proper inquiry should follow the analysis adopted by the Fourth Circuit: whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13. The bankruptcy court must utilize its fact-finding expertise and judge each case on its own facts after considering all the circumstances of the case. If, after weighing all the facts and circumstances, the plan is determined to constitute an abuse of the provisions, purpose or spirit of Chapter 13, confirmation must be denied." 695 F.2d at 316.

The rationale of the *Estus* court finds support in L. King, *Collier on Bankruptcy,* 15th Ed. (1986):

"There is nothing in the statutory language or the legislative history either of the former Bankruptcy Act or of the Bankruptcy Code, nor is there anything in the case law decided under the Bankruptcy Act, to suggest that 'good faith'

was intended to play any role whatever in determining the quantum of payments or dividends to be proposed by the plan. It is implausible to suppose that the good-faith test coexisted for decades with the best-interests test under Chapters XI, XII and XIII of the former Act and with the 'fair and equitable' test under Chapter X, and that it could have undergone years of careful study and debate in the development of the Bankruptcy Code, without there ever having been any indication whatever that it was to play such a critical role in determining the minimum dividend permissible in every composition chapter 13 case.

The decisions reading a 'meaningful' or 'substantial payment' requirement into the good faith test also ignored a principal purpose of Congress in enacting Chapter 13. A primary goal of the bankruptcy reform effort was to promote greater and more widespread use of chapter 13 than was realized under Chapter XIII." *Id.,* at ¶ 1325.04[2], p. 1325–12.

In his bench opinion Judge Deitz appears to have considered only the question of substantial payment in finding that the § 1325(a)(3) good faith standard had not been met. We conclude that that standard is too rigid and we turn to *Estus* for further guidance:

"[I]n addition to the percentage of repayment to unsecured creditors, some of the factors that a court may find meaningful in making its determination of good faith are:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

"(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee." 695 F.2d at 317.

Although this Court is troubled by the presence of the secured claim which debtor's daughter has no more than a filial obligation to discharge and by the preferred claims of the Internal Revenue Service and the Kentucky Revenue Cabinet, we believe that the order denying confirmation must be vacated and the action remanded to the Bankruptcy Court with directions to make findings in light of the *Estus* factors.[2] The Bankruptcy Court should address these factors in addition to the substantial payment standard.

---

**2.** The Court's holding renders debtor's motion for oral argument moot and it will be denied.